FILED
United States Court of Appeals
Tenth Circuit

**January 12, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff‑Appellee,

v.

LEONEL OROZCO‑CONTRERAS,

      Defendant‑Appellant.

No. 09-2222
(D.C. No. 2:09-CR-01570-JEC-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Defendant Leonel Orozco-Contreras entered a guilty plea to one count of being an alien who has re-entered the United States illegally after having been deported. His plea agreement included a waiver of his right to appeal his sentence. Although defendant's original guideline sentencing range would have been 37 to 46 months, because of concessions contained in the plea agreement,

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court determined that the sentencing guideline range was 27 to 33 months. The court then sentenced defendant to 27 months' imprisonment, at the low end of the range. Despite his appeal waiver, defendant has now filed an appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver in defendant's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Defendant does not argue that his plea was not knowing and voluntary nor does he argue that enforcing the appeal waiver would result in a miscarriage of justice. Instead, he argues that the district court abused its discretion in sentencing him to a term of imprisonment of 27 months. The only relevant *Hahn* factor therefore is whether defendant's appeal falls within the scope of his appeal waiver.

Defendant's plea agreement states that he "knowingly waives the right to appeal any sentence within the applicable sentencing guideline range." Plea Agreement at 5. Because the district court imposed a sentence within the applicable sentencing guideline range, defendant's appeal falls within the scope

of his appellate waiver.  Accordingly, defendant has not established any of the applicable exceptions to the enforcement of his appeal waiver.  We therefore GRANT the government's motion to enforce the appeal waiver contained in defendant's plea agreement and DISMISS the appeal.


                                    ENTERED FOR THE COURT
                                    PER CURIAM